Filed 1/20/22  P. v. Van Eck CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>BRYAN JAMES VAN ECK,<br><br>        Defendant and Appellant. | B312030<br><br>(Los Angeles County<br>Super. Ct. No. KA122021) |

APPEAL from an order and judgment of the Superior Court of Los Angeles County, Victor D. Martinez, Judge.  Affirmed.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Bryan James Van Eck appeals from the trial court's order revoking his probation. We affirm the order and the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**[1]

1. *The September 13 incident*

On September 13, 2019, West Covina Police Department Officer Christopher Quezada was on patrol, wearing a full police uniform and driving a marked patrol vehicle. At approximately 1:30 a.m., Quezada observed Van Eck punching a light post at a West Covina street corner. Quezada pulled his patrol car over and stopped it to investigate whether Van Eck was under the influence of a narcotic. Van Eck yelled, " 'Fuck you, faggot' " and " 'Fuck you. I'll fuck you up,' " and swung his arms at the officer. Quezada saw that Van Eck was holding a bright gold-colored dagger. Van Eck became agitated, assumed a fighting stance, and stated he would kill anyone who got near him if they tried to take the dagger away.

Quezada exited his patrol car and asked Van Eck to drop the dagger. Van Eck continued to curse. He stated that it was a religious dagger and reiterated that he would kill anyone who came near him. Concerned for people who were present at a nearby gas station, Quezada drew his firearm and again ordered Van Eck to drop the dagger, several times. When a second patrol car arrived, Van Eck complied. He continued yelling obscenities as he was taken into custody.

---

[1]    Because Van Eck pled nolo contendere prior to trial, we derive the facts from the preliminary hearing transcript.

### 2. *Charges, plea, and sentence*

Van Eck was charged in case number KA122021 with resisting an executive officer (Pen. Code, § 69, count 1)[2] and exhibiting a deadly weapon (§ 417, subd. (a)(1), count 2). The information also alleged that he had served a prior prison term within the meaning of section 667.5, subdivision (b). Pursuant to a negotiated disposition, on January 21, 2020, Van Eck pled nolo contendere to count 1. The parties stipulated that a factual basis for the plea existed in the police reports and preliminary hearing transcript. The trial court suspended imposition of sentence and placed Van Eck on probation for a period of three years, on condition that he serve 365 days in jail. It awarded 261 days of custody credit. It ordered count 2 dismissed and struck the section 667.5 enhancement.

### 3. *Probation violation hearing*

On August 27, 2020, the probation department filed a notice of probation violation, based on Van Eck's three recent arrests: a June 28, 2020, arrest for possession of a blackjack in case number KA125558; a July 30, 2020 arrest for driving under the influence in case number 0WC04752; and an August 6, 2020 arrest for misdemeanor drug offenses.

On December 16, 2020, defense counsel declared a doubt, the proceedings were stayed, and Van Eck was referred to mental health court pursuant to section 1368 for an assessment of his competency.

On January 15, 2021, criminal proceedings were reinstated after Van Eck was found competent. The matter was set for a combined preliminary hearing in case number KA125558 and

---

[2]     All further undesignated statutory references are to the Penal Code.

probation revocation hearing in case number KA122021. At that hearing, Covina Police Department Officer Kyle Romero testified that on June 28, 2020, he was dispatched to Sacred Heart Church in Covina. Romero observed Van Eck on his knees on a black mat behind Van Eck's sport utility vehicle (SUV). Van Eck stated that he was cleaning his car. Romero searched the SUV with Van Eck's permission, and discovered several knives, along with a collapsible, metal ASP baton. The baton was 10 inches long, and could be extended to a length of 31 inches. After waiving his *Miranda* rights,[3] Van Eck told Romero that he got the baton "somewhere in L.A.," intended to use it to kill snakes in Burro Canyon, and knew it was illegal for him to possess it.

After the preliminary hearing, the trial court held Van Eck to answer in case number KA125558 and found him in violation of his probation in case number KA122021.

4. *Subsequent proceedings*

Pursuant to a negotiated plea, Van Eck pled no contest in case number KA125558 to possession of a leaded cane (§ 22210), and was sentenced to the low term of 16 months in local custody, with credit for 297 days.

In case number 0WC04752, Van Eck pled no contest to violation of Vehicle Code section 23152, subdivision (b) (driving with a blood alcohol level of 0.08 or more). The trial court sentenced him to 180 days in county jail, with credit for 180 days served.

In the instant matter, case number KA122021, the trial court sentenced Van Eck to the upper term of three years, with credit for 662 days.

---

[3]     *Miranda v. Arizona* (1966) 384 U.S. 436.

4

The trial court waived the imposition of fines and fees based on Van Eck's inability to pay.

On April 14, 2021, Van Eck filed a timely notice of appeal.

## DISCUSSION

After review of the record, Van Eck's court-appointed counsel filed an opening brief that raised no issues, and requested that this court conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Appellant was advised that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider. We have received no response.

We have examined the record, and are satisfied no arguable issues exist and Van Eck's attorney has fully complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende, supra*, 25 Cal.3d at pp. 441–442.)

## DISPOSITION

The trial court's order revoking probation and the judgment are affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                                    EDMON, P. J.


We concur:



                    EGERTON, J.



                    VIRAMONTES, J.*

---

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.